O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARLA ELAINE PHILLIPS, | Case No. ED CV 14-0935-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Marla Elaine Phillips ("Plaintiff") appeals the denial of her application for Social Security disability benefits. The Court concludes that the Administrative Law Judge ("ALJ") did not provide clear and convincing reasons adequately supported by substantial evidence for rejecting Plaintiff's limitation testimony. The ALJ's decision is therefore reversed and the matter is remanded for further administrative proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 24, 2011, alleging disability beginning August 2, 2010. Administrative Record

("AR") 161. After a hearing, the ALJ found that Plaintiff had severe impairments of: obesity; chronic back pain; distal neuropathy; migraines; asthma; acute lower gastrointestinal bleed; gastroenteritis; mild hydronephrosis; and depressive disorder, not otherwise specified. AR 24.  The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to:

> Perform less than a full range of light work . . . Specifically, Plaintiff is restricted to work involving the following: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sitting, stand[ing], and/or walking six hours out of an eight-hour workday; postural activities on an occasional basis; no ladders, ropes, or scaffolds; must avoid hazardous machinery and unprotected heights; simple and routine tasks; and a non-public environment.

AR 27.[1] The ALJ concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economies that she could perform. AR 30-31.

## II.

### ISSUE PRESENTED

The parties dispute whether the ALJ erred in considering Plaintiff's testimony. See Joint Stipulation ("JS") at 4.

## III.

### DISCUSSION

**A.    Background**

The ALJ held two hearings where Plaintiff testified, the first on August 31, 2012, see AR 62-87, and a second on January 3, 2013, see AR 37-61. At

---

[1] In all quotations from the AR "the claimant" has been change to "Plaintiff."

2

the first hearing, Plaintiff testified that her "migraines [could] come on at any minute . . . fast and hard. And sometimes [she could] get them to go away within 45 minutes," but sometimes not "without taking two pills and a shot." AR 73. She further testified at that hearing that she had "three to four a month[]" and that without medication they usually "last[ed] up to 24 hours." Id. Plaintiff claimed that when she experienced a migraine she tried "to stay in [her] room where it's dark and put a cold cloth on [her] head," and that "two out of three [migraines she would] vomit." AR 74. Finally, Plaintiff claimed that she first began having migraines when she was 18 years old, and "then they started getting worse as [she] got older." Id.

At the end of the first hearing, the ALJ indicated that he would continue the hearing to refer Plaintiff for two consulting examinations and to give her an opportunity to submit more evidence from her doctors. AR 80-82. The ALJ also suggested that Plaintiff keep a "migraine headache calendar" to record "every time" she had a migraine headache. AR 83. The ALJ told her to do this because "I don't have evidence that your migraines are . . . severe enough to interfere that much with your work." AR 84.

At the second ALJ hearing, the ALJ did not ask Plaintiff about whether she had kept a migraine calendar. Instead, the ALJ asked Plaintiff, "how often are you having the headaches now?" AR 41. Plaintiff answered that she had headaches "six to eight times a month . . . [f]or the last four years." She also testified that they "last anywhere from two to eight hours." AR 41. Plaintiff further testified that she would give herself an injection for the migraines around "four times a month" for "[t]he last four years." AR 41-42.

**B.    Applicable Law**

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504

3

F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged symptoms are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (explaining 20 C.F.R. § 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 & n.8 (9th Cir. 1996). Additionally, "[i]n weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. Soc. Sec.

4

1  Admin., 119 F.3d 789, 792 (9th Cir. 1997).

2  **C.   <u>Analysis</u>**

3  As noted above, the ALJ found that Plaintiff had the severe impairment

4  of migraine headaches. The ALJ noted no evidence of malingering in his

5  decision. The ALJ rejected Plaintiff's subjective symptom testimony about her

6  migraines for two reasons. First, the ALJ found that her testimony about her

7  migraine headaches "was generally not credible" because she gave inconsistent

8  statements, citing the fact that she testified that she had migraines three to four

9  times a month at the first hearing and then testified that she had them six to

10  eight times a month at the second hearing. AR 27-28. Second, the ALJ found

11  that Plaintiff's testimony was not supported by the objective evidence. AR 28.

12  Having carefully reviewed the record, the Court finds that the ALJ's

13  reasons for rejecting Plaintiff's credibility about her migraine headaches do not

14  constitute clear and convincing reasons that are supported by substantial

15  evidence. First, although the ALJ is entitled to consider inconsistent

16  statements when assessing a claimant's credibility, <u>see</u> <u>Molina v. Astrue</u>, 674

17  F.3d 1104, 1112 (9th Cir. 2012); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59

18  (9th Cir. 2002), the Court does not find that there is substantial evidence to

19  support the ALJ's conclusion that Plaintiff's statements about her migraines

20  were inconsistent. At both hearings Plaintiff indicated that she had debilitating

21  migraines several times a month. It appears from her testimony at the first

22  hearing that sometimes Plaintiff could get her migraines to "go away" in less

23  than an hour. It is not entirely clear whether she included those migraines in

24  the total of "three or four" she described having each month. At the second

25  hearing Plaintiff merely described having six to eight migraines per month and

26  did not identify whether any could be controlled. Moreover, although the ALJ

27  asked Plaintiff to keep a migraine headache calendar to record "how often" she

28  was having migraines, he did not ask Plaintiff about the migraine calendar at

5

the second hearing. Plaintiff's statement at the second hearing could have been based on more accurate record-keeping as a result of the migraine calendar.

Second, the ALJ stated that "[m]ore importantly, the objective evidence does not support a finding of disability." AR 28. The ALJ noted that "[a]lthough the record documents Plaintiff's complaints and treatment of migraines, which was limited to pain medication and possibly injections (Exs. 6F, p. 1 and 11F), nothing supports greater restrictions than those listed above." Id. (citations omitted). Here, the ALJ failed to cite any specific clinical or other evidence contradicting Plaintiff's testimony. The ALJ merely makes a conclusory statement that the record does not support Plaintiff's symptom testimony. Id. ("nothing supports greater restrictions than those listed above"). The two exhibits in the record cited to by the ALJ are from Plaintiff's treating neurologist, Dr. Purnima Thakran. Dr. Thakran notes on May 18, 2011 that Plaintiff is "[u]sing more Imitrex Stat doses for worsening migraines." AR 279. On November 9, 2011, Dr. Thakran notes that Plaintiff "[h]as to redose on the Relpax 50% of the time." AR 324. Additionally, Plaintiff reported that she is taking multiple migraine medications prescribed by Dr. Thakran, including Imitrex, Relpax, and Topiramate. See, e.g., AR 207.

Once Plaintiff has shown medical evidence of an underlying impairment, such as migraines, the ALJ may not discount her testimony solely because there is no medical evidence of the severity of her symptoms. See Bunnell, 947 F.2d at 343. To the extent that Plaintiff's claims of functional limitations and restrictions due to alleged symptoms are reasonably consistent with the objective medical evidence and other evidence, Plaintiff's allegations will be credited. See SSR 96-7p, 1996 WL 374186, at *2. Plaintiff reports taking three different migraine medications and her neurologist notes in 2011 that Plaintiff's migraines are worsening and that she is using more medication to try to control them. Plaintiff's testimony is not inconsistent with the objective

6

medical evidence.

**D.   A Remand for Further Proceedings Is Appropriate**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. Harman v. **Apfel**, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

Where, as here, a claimant contends that she is entitled to an award of benefits because of an ALJ's failure to properly consider the claimant's testimony, the Court applies a three-step framework. First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting the claimant's testimony. Treichler v. Comm'r Soc. Sec., 775 F.3d 1090, 1103 (9th Cir. 2014). Second, the Court determines "whether further administrative proceedings would be useful," asking "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." Id. at 1103-04. This Court must "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law." Id. at 1105. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Id. at 1101 (citations omitted). Only when all three elements are

satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. Id.

Here, a remand for further proceedings is appropriate in this case for further development of the record. Much of the ALJ's discussion and the underlying medical record relates to Plaintiff's other conditions; the record about Plaintiff's migraines is relatively underdeveloped. As the ALJ noted, neither Dr. Thakran nor any of Plaintiff's other treating physicians opined that Plaintiff's headaches would prevent her from working. It is also not clear from the record whether Dr. Thakran continued to treat Plaintiff after 2011. The record also contains conflicting information about whether Plaintiff's headaches were well-controlled with medication. Further administrative proceedings would be useful to resolve these and other ambiguities in the record. These unresolved issues leave the Court unable to conclude that Plaintiff is clearly entitled to benefits.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated:  July 6, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

8