UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARLA ELAINE PHILLIPS,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. ED CV 14-0935-DFM<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES AND COSTS |

## I.

## INTRODUCTION

On July 6, 2015, the Court entered an Opinion and Order reversing the Commissioner's decision denying Plaintiff's application for supplemental security income benefits and remanding the case for further administrative proceedings. Dkt. 25. On October 5, 2015, Plaintiff filed a Petition for Attorney Fees, Costs, and Expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 27 ("Petition"). The Commissioner opposes Plaintiff's application for attorney's fees, arguing that: (1) the government's position was "substantially justified" under 28 U.S.C. § 2412(d)(1)(A),

precluding any award of fees; (2) the amount of fees requested by Plaintiff is not reasonable; and (3) any fees awarded should be paid directly to Plaintiff. Dkt. 30 ("Opposition"). Plaintiff has not filed a reply.

Having considered Plaintiff's petition and the Commissioner's opposition, as well as the records and pleadings, the Court finds that the remand of Plaintiff's claim for a new administrative hearing constitutes a favorable decision and that the Commissioner's position was not substantially justified. However, the Court finds that the amount of attorney's fees requested by Plaintiff is not reasonable. Thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs in the reduced amount of $2,319.46, payable directly to Plaintiff's counsel.

## II.
## DISCUSSION

**A.     Plaintiff Is Entitled to Attorney's Fees as the Prevailing Party Because the Commissioner's Position Was Not Substantially Justified**

EAJA provides that a court shall award reasonable attorney's fees, costs, and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 559 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The phrase "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

A position is "substantially justified" if it has a "reasonable basis both in law and fact." Pierce, 487 U.S. at 565. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. More recently, the Ninth Circuit has clarified that the government's position is "substantially

justified" where supported by the record. Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) ("The government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record."). The government has the burden of proving its positions were substantially justified. Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988.)

Here, the Court remanded the case for further administrative proceedings because the Administrative Law Judge ("ALJ") erred in rejecting Plaintiff's subjective symptom testimony about her migraine headaches. Dkt. 25 at 5. First, the Court found that there was not substantial evidence supporting the ALJ's conclusion that Plaintiff's statements about her migraines were inconsistent. Id. Second, the Court found that the ALJ made the conclusory statement that the record does not support Plaintiff's symptom testimony without citing any specific clinical or other evidence contradicting her testimony. Id. at 6. Accordingly, the Court concluded that Plaintiff's testimony regarding the severity of her migraines was not inconsistent with the objective medical evidence. Id. at 6-7.

The Commissioner argues that she was substantially justified in defending the ALJ's credibility finding because there was a reasonable basis in fact and law for it. Opposition at 8. Specifically, the Commissioner argues that the her position was substantially justified because she "relied on Social Security regulations, Social Security Rulings and Ninth Circuit case law to support [her] position that the ALJ did not commit reversible error. And there was at least some support for the Commissioner's finding that Plaintiff was not credible and thus not disabled." Id.

The Commissioner cites the fact that Plaintiff testified at her initial hearing that she had migraines three to four times per month and at her second hearing that she them six to eight times a month for the past four years as showing the reasonable basis for the ALJ finding "inconsistencies in Plaintiff's testimony regarding the frequency of her migraines." Opposition at 9 (citing AR 27-28, 41, 73). While the Court agrees with the Commissioner that an ALJ is entitled to consider inconsistent statements when considering a claimant's credibility, the Court does not agree that the Commissioner was substantially justified in concluding that Plaintiff's statements about her migraines were inconsistent. See id. The Court explained:

> At both hearings Plaintiff indicated that she had debilitating migraines several times a month. It appears from her testimony at the first hearing that sometimes Plaintiff could get her migraines to "go away" in less than an hour. It is not entirely clear whether she included those migraines in the total of "three or four" she described having each month. At the second hearing Plaintiff merely described having six to eight migraines per month and did not identify whether any could be controlled. Moreover, although the ALJ asked Plaintiff to keep a migraine headache calendar to record "how often" she was having migraines, he did not ask Plaintiff about the migraine calendar at the second hearing. Plaintiff's statement at the second hearing could have been based on more accurate record-keeping as a result of the migraine calendar.

Dkt. 25 at 5-6. The Commissioner argues that whether Plaintiff's statements about her migraines are inconsistent is a matter of interpretation, and even though "[t]he Court disagreed with the ALJ's interpretation of Plaintiff's testimony," the ALJ's interpretation also has a reasonable basis in fact and law. Opposition at 9-10. The Court disagrees.

To find "allegations of severity to be not credible, the [ALJ] must specifically make findings which support this conclusion." Bunnell v. Sullivan,

947 F.2d 341, 345 (9th Cir. 1991) (citation omitted). Additionally, "[t]hese findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). Thus, "a reviewing court should not be forced to speculate as to the grounds for an [ALJ's] rejection of a claimant's allegations of disabling pain." Id. at 346 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

Here, the ALJ stated that "[t]he undersigned finds the claimant's testimony was generally not credible based on inconsistent statements." AR 27. The ALJ also indicated that Plaintiff's testimony regarding the frequency of her migraines was one "example" of inconsistent statements made by Plaintiff, AR 27-28, but did not provide any other examples. Instead, the ALJ appeared to extrapolate from the perceived inconsistency regarding Plaintiff's migraines that her symptoms were generally exaggerated. AR 28 ("Such discrepancies in the frequency of her migraines raises the question as to whether the claimant's allegations, in general, were exaggerated."). The ALJ was not substantially justified in discounting Plaintiff's credibility on this basis because, for the reasons identified in the Court's Opinion and Order, the ALJ's finding that Plaintiff made inconsistent statements is neither properly supported by the record nor specific enough for the Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds. See Dkt. 25 at 5-6.

As to the ALJ's finding that the objective evidence does not support the severity of Plaintiff's symptoms, the Commissioner focuses on the Court's statements that the ALJ "failed to cite any specific or other evidence contradicting Plaintiff's testimony" and made the "conclusory statement that the record does not support Plaintiff's symptom testimony." Opposition at 10

(citing Dkt. 25 at 6). The Commissioner argues that the ALJ's finding had a reasonable basis in fact and law because "the ALJ noted at least <u>some</u> specific medical evidence in the record that contradicted Plaintiff's allegations." <u>Id.</u> (emphasis in original) (citing <u>Hardisty</u>, 592 F.3d at 1080). Specifically, the Commissioner points to the ALJ's statement that "[a]lthough the record documents the claimant's complaints and treatment for migraines, which was limited to pain medications and possibly injections [citation], nothing supports greater restrictions than those listed" in the residual functional capacity ("RFC"), AR 28 (citing AR 279, 324). <u>See</u> Opposition at 10.

     Although a conservative treatment history can be a legitimate basis for discounting credibility, <u>see</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008), the ALJ found only that the treatment Plaintiff received for migraines was consistent with the RFC and lack of evidence in the medical record. <u>See</u> AR 28. However, the exhibits cited by the ALJ reflect that Plaintiff was "[u]sing more Imitrex Stat doses for worsening migraines," AR 279, and "[h]as to redose on the Relpax 50% of the time," AR 324. In addition, Plaintiff reported that she was taking multiple migraine medications prescribed by her treating neurologist, including Imitrex, Relpax, and Topiramate. <u>See, e.g.,</u> AR 207. As the Court noted in its Opinion and Order, the record "contains conflicting information about whether Plaintiff's headaches were well-controlled with medication." Dkt. 25 at 8. Moreover, the ALJ did not identify any more aggressive treatment or surgical intervention that would have been medically appropriate. Thus, the ALJ failed to make any specific findings, supported by evidence in the record, as to how Plaintiff's treatment history for migraines undermines her subjective testimony.

///
///
///

The Commissioner also points to treatment notes from Plaintiff's gastroenterologist, reflecting that Plaintiff denied dizziness and headache.[1] Opposition at 11 (citing AR 233, 236, 239). However, this evidence is not discussed in the ALJ's decision. Further, this shows that the Commissioner too has been left to guess as to what evidence, if any, the ALJ relied on in concluding that Plaintiff's testimony was not supported by the objective evidence, and whether the ALJ's credibility finding had support in the record.

Finally, the Commissioner points to a lack of medical evidence that Plaintiff's migraines would prevent her from working. Opposition at 11-12. Nevertheless, as this Court explained, "[o]nce Plaintiff has shown medical evidence of an underlying impairment, such as migraines, the ALJ may not discount her testimony solely because there is no medical evidence of the severity of her symptoms." Dkt. 25 at 6 (citing Bunnell, 947 F.2d at 342). For the foregoing reasons, the ALJ's credibility finding was neither properly supported by the record nor sufficiently specific to assure the Court that the ALJ did not arbitrarily reject Plaintiff's subjective testimony. See Bunnell, 947 F.2d at 345-46.

Accordingly, the Commissioner has not met her burden to show that the ALJ's position was substantially justified such that it was reasonable in both fact and law. "The failure of the ALJ to adequately support its credibility findings is reason to award EAJA fees to a prevailing party." Williams v. Colvin, No. 11-02962, 2013 WL 4758190, at *4 (N.D. Cal. Sept. 4, 2013) (citation omitted). Because the Court finds that the ALJ's credibility finding was not substantially justified, the Court need not address whether the Commissioner's litigation position was substantially justified. See id.; Tobeler

---

[1] Dr. Biswas's notes also reflect that Plaintiff has "a past medical history significant for migraine headaches." AR 232.

v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2013)). Plaintiff is therefore entitled to an award of attorney's fees under EAJA as the prevailing party.

**B.     The Hours Claimed By Plaintiff Are Not Reasonable**

Plaintiff seeks an award in a total amount of $3,839.94, which consists of: (1) $3,135.99 for attorney time in 2014, which represents 16.5 hours at $190.06 per hour; (2) $265.55 for attorney time in 2015, which represents 1.4 hours at $189.68 per hour; and (3) $438.40 for paralegal time, which represents 3.2 hours at $137 per hour. See Petition at 3, 4; Dkt. 27-1.

This Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001); Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Court should exclude hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434 (1992). In determining reasonableness, the Court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998).

The Court must generally give deference to the "winning lawyer's professional judgment as to how much time he was required to spend on the case," particularly in contingency fee cases, such as this one. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (noting that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain")). Here, the Commissioner argues that the sixteen hours Plaintiff's attorney indicates he

8

spent reviewing the transcript, conducting legal research, and preparing the joint stipulation are unreasonable for the following reasons: (1) Plaintiff raised only one issue of credibility, which is not complex; (2) Plaintiff's portion of the joint stipulation was not lengthy and consists primarily of boilerplate standards of review and legal argument; (3) "Plaintiff fails to identify any specific testimony or medical evidence that describes her medical condition and alleged limitations, except for simply block citing record evidence"; and (4) Plaintiff did not directly challenge the ALJ's assessment of her testimony about her migraines. See Opposition at 13-16.

      As an initial matter, the time entries at issue are in block-billing format, which means that Plaintiff's counsel entered the total daily time spent working on Plaintiff's case rather than itemizing the time expended on specific tasks. See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996). "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." Aranda v. Astrue, No. 08-340, 2011 WL 2413996, at *5 (D. Or. June 8, 2011) (citation omitted). Nevertheless, a fee applicant's counsel "is not required to record in great detail how each minute of his time was expended." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)). Thus, where counsel's time entries are not sufficiently detailed as a result of block-billing, the court should either request more information or "simply reduce[] the fee to a reasonable amount." Id. at 1121 (citing Hensley, 461 U.S. at 433).

      Although the time spent reviewing the transcript, conducting legal research, and preparing the joint stipulation in this case is compensable, the block-billed entries do not delineate how much time was expended on the tasks recorded in each entry. Specifically, Plaintiff's counsel indicates that he spent 5.9 hours on November 10, 2014 on "review of transcript; conduct of legal

research regarding issues presented; preparation of joint stipulation." Dkt. 27-1. On November 12, 2014, Plaintiff's counsel spent an additional 5.4 hours on "review of transcript; conduct of legal research regarding issues presented; preparation of joint stipulation." Id. On November 13, 2014, Plaintiff's counsel spent another 4.7 hours on "review of transcript; conduct of legal research regarding issues presented; preparation of joint stipulation." Id.

While the Court appreciates the need for Plaintiff's counsel to acquaint himself with the facts and the record, there are three separate entries that relate to reviewing the transcript (and presumably the entire administrative record) in connection with drafting Plaintiff's portion of the joint stipulation. See id. Similarly, there are three separate entries that relate to "conduct of legal research regarding issues presented." See id. Plaintiff's counsel also indicates that he worked on drafting the joint stipulation on three different days. See id. It is not unusual for an attorney to spend several days preparing a document to be filed in court; however, as the Commissioner notes, Plaintiff's portion of the joint stipulation appears to have been copied and pasted from those prepared by her counsel in other cases.

The Court has carefully reviewed Plaintiff's joint stipulation, Dkt. 20, 23, as well as joint stipulations previously filed by Plaintiff's counsel in this Court, Opposition at 14 n.6; Dkt. 30-1, 30-2. They appear to contain the same boilerplate argument, case citations, subheadings, and even typographical errors. The only changes Plaintiff's counsel appears to have made was modifying the "summary of the case," changing the name and gender of the claimant and the ALJ, substituting record citations, and removing or adding sentences and paragraphs based on the factors articulated by the ALJ to discredit the claimant's credibility. In fact, it appears that the "contentions" section in Plaintiff's joint stipulation does not contain a single sentence that was uniquely drafted for her particular case. And, as the Commissioner notes,

the only mention of "any specific testimony or medical evidence that describes her medical condition and alleged limitations" are sparse citations to groups of page numbers from the administrative record. See Opposition at 14.

Because Plaintiff's "contentions" section does not appear to cite a single case or any other legal authority that was not boilerplate copied and pasted into the joint stipulation, it appears that her counsel spent very little time conducting legal research. It also appears that Plaintiff's counsel spent very little time tailoring the joint stipulation to the facts of her case and adding citations to the administrate record, especially given that this action did not involve any particularly complex issues or matters of first impression. Further, as the Commissioner points out, this Court discovered that the "summary of the case" in the original joint stipulation, Dkt. 20, appeared to relate to a different case. See Opposition at 14 (citing Dkt. 21). Specifically, the Court noted that Plaintiff included the wrong dates, list of severe impairments, and record citations, and ordered the parties to file an amended joint stipulation. Dkt. 21; see Dkt. 23. While the Court recognizes that attorneys sometimes make mistakes, in this situation, it appears that care was not taken by Plaintiff's counsel in preparing the joint stipulation. The Court is also doubtful that the majority of the sixteen hours of attorney time at issue was spent reviewing the record.

Accordingly, without any indication of how much time was spent on these tasks in the block-billed entries on November 10, 12, and 13, 2014, some of the time appears unreasonable, duplicative, and redundant. The Commissioner argues that the sixteen hours spent on researching and preaparing the joint stipulation should be reduced by $1,520.48, which represents eight hours at $190.06. Plaintiff's counsel has not filed a reply or otherwise sought to address why it took him sixteen hours to complete these tasks.

For the reasons discussed above, the Court agrees with the Commissioner that the claimed hours are an unreasonable amount of attorney time to have expended on this matter and a $1,520.48 reduction in fees is warranted. See, e.g., Feeney v. Colvin, No. 12-2769, 2014 WL 3966379, at *3 (E.D. Cal. Aug. 13, 2014) (reducing number of hours plaintiff's counsel spent preparing lay witness argument, "which amounted to no more than 2.5 pages, including only a one[]paragraph summary of facts, two paragraphs of law, and one paragraph of analysis" by half and reducing hours spent on EAJA fees motion by three hours because "it is almost entirely boilerplate but for short, specific sections"); Fouissi v. Astrue, No. 07-0445, 2008 WL 2018344, at *3 (E.D. Cal. May 6, 2008) (reducing number of hours spent researching and drafting EAJA fees motion by 9 hours where motion and supporting documentation contained mainly boilerplate-type language, with some customization); Brandt v. Astrue, No. 08-0657, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (reducing block-billed hours by fifty percent based on substantial amount of boilerplate language in motions and pleadings, complexity of issues, counsel's experience, and plaintiff's failure to meet burden of showing hours were reasonably necessary). The Court therefore finds that EAJA fees are warranted in the reduced amount of $2,319.46.

## C.     EAJA Fees May Be Paid Directly to Plaintiff's Counsel

Finally, the Commissioner argues that if any EAJA fees are to be awarded, the Court should order the fees paid to Plaintiff notwithstanding Plaintiff's assignment of any such fees to her counsel. See Opposition at 16-20. Contrary to the government's argument, Astrue v. Ratliff, 560 U.S. 586 (2010), does not hold that a plaintiff's counsel is not a proper payee for an EAJA award. Ratliff held that because an EAJA award is payable to the litigant as opposed to the litigant's attorney, it is subject to a government offset to satisfy a pre-existing debt owed by the litigant to the United States. Id. at 589 ("We

hold that [an EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Like this Court, a number of other courts in this district have concluded that Ratliff does not preclude direct payment to a plaintiff's counsel where there has been a valid assignment, subject to such an offset. See, e.g., Mang v. Colvin, No. 14-904, 2015 WL 5470339, at *2-3 (Sept. 17, 2015). The Court will accordingly order payment of fees to Plaintiff's counsel, subject to any offset to which the government is legally entitled.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's EAJA Petition is GRANTED; (2) Plaintiff is awarded EAJA fees in the amount of $2,319.46; and (3) the Commissioner shall pay such amounts, subject to any offset to which the Government legally is entitled, directly to Plaintiff's counsel.

Dated: May 12, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge